UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARK ANTHONY ROBINSON,** | Civil No. 3:13-CV-01603 |
| Plaintiff, | |
| v. | |
| | (JUDGE MARIANI) |
| **RICHARD SOUTHERS, et al.,** | (Magistrate Judge Carlson) |
| Defendants. | |

## MEMORANDUM OPINION
### I. INTRODUCTION

Presently before the court are Defendants' Motion for Summary Judgment (Doc. 120), twelve reports and recommendations addressing the motion issued by United States Magistrate Judge Martin C. Carlson (Docs. 146–47, 149, 151–52, 155–56, 158, 161–63, 165), and several objections (Docs. 150, 153–54, 157, 159–60, 170, 172) raised to those reports and recommendations by the plaintiff, Mark Anthony Robinson ("Robinson" "Plaintiff"). In the reports and recommendations, Magistrate Judge Carlson recommends that Defendants' Motion for Summary Judgment (Doc. 120) be granted in part and denied in part as to the merits of Plaintiff's claims and that any claims surviving the motion on the merits be dismissed for violation of Rule 20 of the Federal Rules of Civil Procedure. Magistrate Judge Carlson further recommends that the denial of summary judgment be without prejudice such that remaining Defendants may raise a renewed motion for summary judgment addressing any claims that survive Defendants' current motion. The Court has

reviewed Magistrate Judge Carlson's reports and recommendations and Robinson's objections to those reports and recommendations. For the reasons that follow, the Court will adopt in part and deny in part Magistrate Judge Carlson's recommendations, and the Court will grant Defendants' Motion for Summary Judgment (Doc. 120) in part and deny it in part.

## II. STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation, the district court is required to conduct a de novo review of the contested portions of the report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). The district court may accept, reject, or modify the magistrate judge's report and recommendation in whole or in part. 28 U.S.C. § 636(b)(1). The district court may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id.* "Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Weidman v. Colvin*, 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015) (citing *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000)).

De novo review of a magistrate judge's report and recommendation is not required where no objections to the report and recommendation have been raised. *Univac Dental Co. v. Dentsply Int'l, Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citing *Thomas v. Arn*,

474 U.S. 140, 149 (1985)). Instead, the court is only required to "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.* (quoting Fed. R. Civ. P. 72 advisory committee's note to 1983 addition). De novo review is also not required where a party raises only general objections to the report and recommendation. *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). "To obtain de novo determination of a magistrate's findings by a district court, 28 U.S.C. § 636(b)(1) requires both timely and specific objections to the report." *Id.* at 6.

## III. ANALYSIS

Although Robinson has objected to all twelve of Magistrate Judge Carlson's reports and recommendations, he has, with one exception, raised only general objections. As set out above, de novo review is warranted only when the objecting party raises a specific objection. Accordingly, the Court will review Robinson's specific objection de novo and will otherwise review the Magistrate Judge's recommendations for clear error.

A. **Merits Analysis**

1. **Clear Error Review**

Having reviewed Magistrate Judge Carlson's recommendations regarding the merits of claims to which Plaintiff does not specifically object, the Court finds no clear error. Therefore, the Court will adopt those recommendations. This determination results in the denial of summary judgment on three claims: 1) Plaintiff's claim addressed in the fourth Report and Recommendation (Doc. 151) that Defendants Reisinger and Gardner were

3

romantically involved and that Defendant Reisinger should therefore have recused herself from a hearing on a misconduct citation issued by Defendant Gardner (*id.* at 28); 2) Plaintiff's claim addressed in the seventh Report and Recommendation (Doc. 156) that Defendants Leedom, Pyral, and Saez failed to intervene when Plaintiff allegedly attempted to commit suicide (*id.* at 6); and 3) Plaintiff's claim addressed in the eleventh Report and Recommendation (Doc. 163) that he was required to wear a spit mask whenever he left his cell for a period of five months (*id.* at 24).

## 2. De Novo Review

The only specific objection Robinson raises is to Magistrate Judge Carlson's third report and recommendation (Doc. 149). Robinson argues that Magistrate Judge Carlson erred in that report and recommendation because he failed to view the facts in the light most favorable to Robinson as the non-movant when he considered Robinson's claim against defendant Britton for excessive force. (Doc. 150 at 3.) Specifically, Robinson argues he "never alleged that his nose was broken yet Magistrate Judge Carlson has accepted as true the false, unsubstantiated assertion by the defendants." (*Id.*)

The Court has conducted a de novo review of the portions of Magistrate Judge Carlson's third report and recommendation to which Robinson has raised specific objections. Although Robinson argues that Magistrate Judge Carlson failed to view the facts in the light most favorable to him by accepting as true the fact that Robinson's nose was broken, the Court cannot find any support for such an argument in Magistrate Judge

4

Carlson's report and recommendation. To the contrary, Magistrate Judge Carlson finds that "Robinson's claim that Officer Britton broke his nose or inflicted some injury to his nose through the use of excessive force on January 3, 2012, is unadorned by any objective medical evidence that Robinson suffered any nose injury whatsoever in January of 2012." (Doc. 149 at 38.) Moreover, even assuming *arguendo* that Magistrate Judge Carlson had accepted the fact of Robinson's broken nose as true, Robinson does not explain how this would constitute a failure by Magistrate Judge Carlson to view the facts in the light most favorable to Robinson, as it seems that Robinson suffering a broken nose would make it *more* likely that Britton violated Robinson's Eighth Amendment rights. The Court will accordingly overrule Robinson's specific objections to Magistrate Judge Carlson's third report and recommendation and adopt Magistrate Judge Carlson's recommendations on the merits of Robinson's claims.

## B. Other Matters

Aside from his general and specific objections directed at the merits of his claims, Robinson also asserts that Magistrate Judge Carlson should have recused himself. (*See* Doc. 153 at 1-3; Doc. 154 at 1-2; Doc. 159 at 2; Doc. 160 at 1-2; Doc. 170 at 2-4.) Robinson also objects to Magistrate Judge Carlson's recommendation that claims that survive Defendants' Summary Judgment Motion (Doc. 120) should be dismissed pursuant to Rule 20 of the Federal Rules of Civil Procedure. (*See, e.g.,* Doc. 146 at 8-10.)

5

## 1. Recusal

Although Robinson argues that Magistrate Judge Carlson should have recused himself from the case (*see* Doc. 153 at 1–3; Doc. 154 at 1–2; Doc. 159 at 2; Doc. 160 at 1–2; Doc. 170 at 2–4), he does not introduce any evidence as to why Magistrate Judge Carlson should recuse himself and instead focuses his argument on Magistrate Judge Carlson's reports and recommendations that went in Defendants' favor.

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge must also disqualify himself where "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." *Id.* at § 455(b)(1). Recusal may also be required under the Due Process Clause of the United States Constitution where "objectively speaking, 'the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable.'" *Rippo v. Baker*, 137 S. Ct. 905, 907 (2017) (quoting *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). "[A] party's displeasure with legal rulings does not form an adequate basis for recusal." *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000).

Here, Robinson has not provided any reasons for recusal other than his displeasure with Magistrate Judge Carlson's rulings. Accordingly, the Court will overrule Robinson's objections that Magistrate Judge Carlson's should recuse himself from this case.

6

## 2. Rule 20

Magistrate Judge Carlson recommends that any claims that survive Defendants' motion for summary judgment on the merits should be dismissed under Rule 20 of the Federal Rules of Civil Procedure. (*See, e.g.*, Doc. 146 at 8-10.) Magistrate Judge Carlson finds that Robinson's claims are not properly joined and should therefore be dismissed under Rule 20 while allowing Robinson an opportunity to file his separate claims as separate cases. (*Id.* at 9-10.) Robinson objects to this recommendation, arguing that it would be an abuse of discretion to dismiss a case under Rule 20 this late in the proceedings given the substantial prejudice he would suffer.

"The purpose of Rule 20(a) is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple law suits." *Russell v. Chesapeake Appalachia, L.L.C.*, 305 F.R.D. 78, 81 (M.D. Pa. 2015) (quoting *Miller v. Hygrade Food Prods. Corp.*, 202 F.R.D. 142, 144 (E.D. Pa. 2001)). "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *Id.* (quoting *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1332-33 (8th Cir. 1974)). "The court enjoys broad discretion" in determining whether to sever misjoined claims and may take into consideration "'the convenience of the parties, avoidance of prejudice to either party, and promotion of the expeditious resolution of the litigation.'" *Id.* (quoting *Official Committee of Unsecured Creditors v. Shapiro*, 190 F.R.D. 352, 355 (E.D. Pa. 2000)).

The Court finds that dismissal of this case would severely prejudice Robinson given that this matter has been pending since 2013. The court will accordingly sustain Robinson's objections and overrule Magistrate Judge Carlson's reports and recommendations to the extent that they recommend dismissal under Rule 20.

## IV. CONCLUSION

For the reasons discussed above, the Court will adopt in part and deny in part Magistrate Judge Carlson's recommendations, and the Court will grant in part and deny in part Defendants' Motion for Summary Judgment (Doc. 120). An appropriate Order will be filed simultaneously with this Memorandum Opinion.

Robert D. Mariani
United States District Judge